UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

    **Plaintiff,**

    v.                                       Case No. 11-CV-882

DAVID A. CLARKE, JR., RICHARD SCHMIDT,
JEFFREY MAYER, RONALD MALONE,
DR. GERBNER, and MS. NEWEL,

    **Defendants.**

## SCREENING ORDER

The plaintiff, who is incarcerated at the Milwaukee County Correctional Facility - Central, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $1.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that while housed at the "Sheriff's Department," he was not allowed out for his court-ordered release privileges for blindness in one eye, mental illness, school, and "AODA." (Compl. ¶ IV A.) According to the plaintiff, he did everything that was asked in order to leave. He asked Dr. Gerbner to arrange the Sheriff's Department to take him to his mental health appointments, but the request was denied. The plaintiff alleges that he went through a lot of mental health and medical issues and on one of those days, an officer told him Officer Newel ignored his mental health issues. The plaintiff asserts that he was never given his rightful psychiatric treatment care. According to the plaintiff, Dr. Gerbner was to arrange transportation since the plaintiff's doctors faxed his office of upcoming appointments; Officer Newel should have called him a psychiatrist instead of leaving him in his room to continue to harm himself; Director Mr. Schmidt, Mailor Mr. Malone, and Captain Mr. Mayer all spoke with the plaintiff or a superior concerning the

matter, but did not address the issue; and Chief Mr. Clarke overlooked the plaintiff's requests to his office. For relief, the plaintiff seek monetary damages.

Although not entirely clear, it appears that the plaintiff was a pretrial detainee at all times relevant. It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. Id. Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. Id. To state a claim in this context, an inmate need allege only that a prison official responded with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail an inmate must show that his medical condition is "objectively, sufficiently serious" and that the officials knew of and disregarded "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).

Construed liberally, the plaintiff alleges that the defendants failed to treat him for his mental health issues, despite a court order that such treatment was warranted. A diagnosed mental illness that needs to be treated is a serious medical need. See Sanville v. McCaughtry, 266 F.3d 724, 733-34 (7th Cir. 2001). Knowledge of the condition and placing an inmate's health at risk by not doing anything to get him the treatment deemed necessary is sufficient to allege deliberate indifference. See Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996). Accordingly, at this stage of the proceedings, the plaintiff may proceed on a deliberate indifference to a serious medical need claim.

4

The plaintiff has also filed a request for counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claim. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 4) is **denied**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil

Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $349.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Aaron E. Goodstein
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 23rd day of December, 2011.

BY THE COURT:

_____
AARON E. GOODSTEIN
United States Magistrate Judge