# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

        Plaintiff,

        v.                        Case No. 11-CV-882

DAVID A. CLARKE, JR., RICHARD S. SCHMIDT,
JEFFREY MAYER, RONALD MALONE,
DR. GERBNER, and MS. NEWEL,

        Defendants.

---

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 52), DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 69), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. 70), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR CONTINUANCE (DOC. 79)

Plaintiff has filed several motions which are ready for resolution. First, he filed a motion to compel discovery. (Docket 69.) He requests that defendants answer interrogatories two through four and document requests four, seven, and eight from his First Set of Requests for Production of Documents.[1] However, the record discloses that defendants did respond to this discovery request. (*See* Zillig Aff. ¶ 4, Ex. 1010.) Moreover, it also shows that defendants supplemented several of their answers in response to plaintiff's motion to compel even though the motion failed to comply with the local rules. (Docket 72 at 2-5.) Lastly, Defendants' response to plaintiff's motion to compel reveals that they answered plaintiff's discovery requests and addressed the concerns raised in his motion to compel. Hence, plaintiff's motion to compel will be denied.

---

[1] According to defendants, although noted as document requests, this discovery request included several interrogatories. Defendants therefore broke their response into categories: Interrogatories and Requests for Production of Documents. (Affidavit of Milly J. Zillig ¶ 4, Ex. 1010.)

On July 15, 2013, plaintiff filed a motion for a continuance to file an amended complaint. (Docket 70.) Previously, the court granted plaintiff additional time to file an amended complaint and extend that date to July 5, 2013. Plaintiff asserts he was unable to meet that deadline because he was trying to seek legal assistance within the institution and because he has been busy litigating another civil case as well as two criminal cases. Lastly, plaintiff states that defendants failed to turn over requested discovery. Defendants oppose the motion and contend that plaintiff had ample opportunity to file an amended complaint and that he failed to seek a time extension before the deadline to file the amended complaint.

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir.2008). "[D]elay on its own is usually not reason enough for a court to deny a motion to amend." *Johnson*, 641 F.3d at 872; *see Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 558-59 (7th Cir. 2011) (explaining that district court should have permitted

amendment to replace mistakenly named affiliate with actual corporate defendant); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir.2004).

Here, plaintiff should have filed his request for extension of time before the July 5, 2013, deadline to file his amended complaint. His other court cases do not excuse missing the deadline in this case. However, plaintiff was engaged in discovery during the relevant time period. Moreover, based on plaintiff's previous motion to amend, which the court denied solely because he failed to include a comprehensive proposed amended complaint, he seeks to amend the complaint to name the correct parties involved. For these reasons, and in the interest of justice, the plaintiff will be given another opportunity to file an amended complaint. As a consequence of any such amendment, defendants' summary judgment will be moot.

On August 27, 2013, plaintiff filed a motion for continuance because his legal materials were taken for a security review. (Docket 79.) Apparently, plaintiff's legal materials were taken from his cell from August 22, 2013, until September 5, 2013, pursuant to a request from the district attorney because it was believed that plaintiff contacted a victim from one of his criminal cases. However, those legal materials have been returned. In any event, this motion is moot. Therefore,

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 52) is DENIED WITHOUT PREJUDICE, subject to reinstatement if plaintiff fails to timely amend the complaint.

IT IS ORDERED that plaintiff's motion to compel (Docket 69) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time (Docket 70) is GRANTED. Plaintiff shall file his amended complaint by November 25, 2013. No further extensions will be granted.

IT IS FURTHER ORDERED that plaintiff's motion for continuance (Docket 79) is DENIED AS MOOT.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2013.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge

4