# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DA VONTE LOVE,

        Plaintiff,

        v.                                     Case No. 11-CV-882

JOHN DOE 1-2 and
KEVIN NYKELWICZ,

        Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 91), DENYING DEFENDANTS' MOTION TO STRIKE (DOC. 91), AND REOPENING DISCOVERY FOR SIXTY DAYS FOR THE LIMITED PURPOSE OF PROVIDING PLAINTIFF THE OPPORTUNITY TO IDENTIFY THE JOHN DOE DEFENDANTS

On November 7, 2013, the court granted plaintiff's motion for an extension of time until November 25, 2013, to file an amended complaint naming the correct parties involved in his Eighth Amendment claim of deliberate indifference to his serious medical need. Plaintiff filed his amended pleading on November 27, 2013, naming three new defendants: Kevin Nykelwicz, deputy inspector at the Milwaukee County Sheriff's Department and John Does 1 and 2, classification officers in the Milwaukee County Sheriff's Department. The allegations in the amended complaint are similar to those in the original complaint, however the amended complaint now advances a claim under the Americans with Disabilities Act (ADA) instead of the Eighth Amendment.

Defendants have filed a motion to dismiss and/or strike the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) contending is not timely filed, it presents a

new legal theory that should not be considered, and that it fails to state a claim under the ADA. To date, plaintiff has not responded to defendants' motion.

Although plaintiff filed his amended complaint two days late, the court will not dismiss this action at this stage. *See Sroga v. Huberman*, 772 F.3d 980, 982-83 (7th Cir. 2013). Nor is it appropriate to strike the amended complaint for untimeliness, as doing do would reinstate the original complaint which includes defendants whom plaintiff wishes to dismiss. Plaintiff's two-day delay in filing his amended complaint does not prejudice defendants. While the court is cognizant of the fact that this case was filed in 2011, it was stayed for almost five months. In addition, the court has granted both parties' requests for extensions of time during the pendency of this action. Thus, under the circumstances and in the interest of efficiently resolving this case on the merits, the court will permit plaintiff to proceed on the amended complaint, subject to the limitations set forth below.

Although the amended complaint advances a claim under the ADA, it does not state a claim under the statute. The ADA states that individuals with disabilities cannot be discriminated against. *See* 42 U.S.C.A. § 12132 (2012). And, in *Pa. Dep't of Corr. v. Yeskey*, the Court held that the ADA extends to prison inmates. 524 U.S. 206, 213 (1998). To state a claim under the ADA, a plaintiff must allege that: 1) he is an individual with a disability; and 2) that he was discriminated against by a public entity. *See* § 12132. An individual has a disability when he has: (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment. 42 U.S.C.A. § 12102(1)(A)-(C) (2009).

Plaintiff contends that he suffers from learning disabilities, substance abuse problems, and mental health issues. However, he does not allege that defendants discriminated against him based on a disability. Even if he did, defendants, whom he is suing in their individual capacities for compensatory and punitive damages, are immune from suit for damages under the ADA. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Thus, plaintiff may not proceed on a claim under the ADA.

However, his amended complaint still implicates his rights under the Eighth Amendment for a deliberate indifference to a serious medical need claim. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Plaintiff may proceed on his amended complaint on a medical care claim under the Eighth Amendment. The court will reopen discovery to provide plaintiff with the opportunity to identify the two Doe defendants. Therefore,

IT IS ORDERED that defendants' motion to dismiss for failure to state a claim (Docket 91) is DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike (Docket 91) is DENIED.

IT IS FURTHER ORDERED that discovery is reopened for sixty (60) days for the limited purpose of providing plaintiff with the opportunity to identify the John Doe defendants.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge